UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALLEN CAMPBELL,

       Petitioner,

                                   CASE NO. 2:06-CV-10609
v.                                HONORABLE PATRICK J. DUGGAN

STATE OF MICHIGAN,

       Respondent.
                                  /

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S. District
Courthouse, Eastern District
of Michigan on February 28, 2006.

PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

**I.    Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner David Allen Campbell ("Petitioner"), a state prisoner currently confined at the Macomb Correctional Facility in New Haven, Michigan, was convicted of first-degree murder, felon in possession of a firearm, and two counts of possession of a firearm during the commission of a felony following a bench trial in the Oakland County Circuit Court in 2002. On November 7, 2002, the state court sentenced Petitioner to life imprisonment without the possibility of

parole on the murder conviction, a concurrent term of three to five years imprisonment on the felon in possession conviction, and consecutive terms of two years imprisonment on the felony firearm convictions.  In his application for a writ of habeas corpus, Petitioner raises the following claims: ineffective assistance of trial counsel; prosecutorial misconduct; lack of a speedy trial; and the prosecution's failure to disclose evidence.  For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

## II.     Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right raising claims concerning the admission of evidence, the denial of his directed verdict motion, prosecutorial misconduct, and ineffective assistance of trial counsel which included a speedy trial issue.  The Michigan Court of Appeals affirmed Petitioner's convictions and sentence.  *People v. Campbell*, No. 246271, 2004 WL 1565244 (Mich. App. July 13, 2004) (unpublished).  Petitioner then raised the same claims in an application for leave to appeal with the Michigan Supreme Court, which the court denied.  *People v. Campbell*, 472 Mich. 867, 692 N.W.2d 841 (2005).  Petitioner dated the instant petition for writ of habeas corpus on January 23, 2006.

## III.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies.  *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1731 (1999) ("state prisoners must give the state courts one full fair

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of his state court remedies. In fact, Petitioner admits that he failed to raise his fourth habeas issue– i.e., the prosecution's failure to disclose evidence– in the state courts. *See* Pet. at 9. Petitioner thus has failed to fully exhaust his state court remedies as to his fourth habeas claim.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus– that is, one containing both exhausted and unexhausted claims– "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 522, 102 S. Ct. 1198, 1199 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1673-75 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F.

Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has the discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, _ U.S. _, 125 S. Ct. 1528, 1534-35 (2005). This stay and abeyance procedure is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court. *Id*. at 1525.

In this case, Petitioner has available avenues for relief in the state court system such that his pursuit of his state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500. Additionally, the one-year statute of limitations contained in Section 2244(d) does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeals– that being on or about May 29, 2005. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The limitations period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134,

2138 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003).  Petitioner also has not shown good cause for failing to raise the unexhausted issue in the state courts before proceeding in this court.  While Petitioner's unexhausted claim may concern a matter of federal law warranting further review, the claim should be addressed to, and considered by, the state courts in the first instance.

## IV.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  Should Petitioner wish to proceed only on his exhausted claims and withdraw his unexhausted claim, he may move to re-open this case and proceed on the exhausted claims within 30 days of the filing date of this order.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
David Allen Campbell #167695
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048